## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **DIANE R. PRIGGE,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 1:14-CV-00087-DB-PMW** |
| **WOODS CROSS POLICE DEPARTMENT, OFFICER MATTHEWS, DETECTIVE HOFFMAN, SGT. SANTOS, CHIEF BUTLER,** | **District Judge Dee Benson** |
| | **Magistrate Judge Paul M. Warner** |
| **Defendant(s).** | |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § (b)(1)(B).[1]  Plaintiff Diane R. Prigge has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP statute").[2]  As such, the court will address the sufficiency of Plaintiff's complaint under the authority of the IFP statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The court also recognizes that Plaintiff is proceeding pro se in this case.  Consequently, the court will construe her pleadings liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  However, due to the complaint's failure to allege

---

[1] *See* docket no. 5.

[2] *See* docket no. 2.

a basis for jurisdiction or to state a claim on which relief may be granted, the complaint should be dismissed.

## Factual Background

Plaintiff's narrative complaint is often difficult to follow, but from the court's best efforts to review the complaint, it appears that Plaintiff alleges that she moved to Utah to seek employment and was staying in a hotel in Woods Cross, Utah.  Woods Cross police were called when Plaintiff's credit card was declined, and an Officer Matthews took Plaintiff to the Davis County Jail, leaving behind in the hotel room some of Plaintiff's personal effects and her cat, Creamy.  Plaintiff alleges that she was subsequently transferred to Salt Lake County Metro Jail, apparently in connection with prior charges against Plaintiff, and thereafter released.

Upon her release, Plaintiff returned to the hotel and recovered most of her belongings, except her cellphone and Creamy.  Creamy was apparently taken to the David County Animal Control by the police.  Plaintiff sued the hotel in small claims court, and the case was heard on April 8, 2014.  Plaintiff fails to provide any substantive details regarding the small claims court action or the outcome.  Plaintiff filed a police report with a Detective Hoffman regarding the missing cellphone and chargers.  A Sergeant Santos allegedly told Plaintiff that Detective Hoffman would investigate the claim, but Plaintiff says she has not heard back.

The complaint names the Woods Cross Police Department, Officer Matthews, Detective Hoffman, Sergeant Santos, and Chief Butler as defendants.  Plaintiff fails to provide any specific causes of action or to state what relief she seeks from this court.  As best the court can tell from the complaint, Plaintiff seeks to recover her cellphone and chargers.

## Lack of Subject Matter Jurisdiction

Plaintiff fails to allege any facts giving rise to subject matter jurisdiction.  "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)); *see also* DUCivR 3-5 (complaint "should state the basis for the court's jurisdiction").  "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. v. Union Gas Sys. Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Here, the complaint fails to allege any basis for, or facts supporting the existence of, subject matter jurisdiction.[3]

## Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP statute, the court

---

[3] Plaintiff checked boxes on the civil cover sheet stating that the basis for jurisdiction is "Federal Question," and the nature of the suit was "Other Civil Rights."  However, nothing on the face of the complaint supports these contentions, and they cannot save a defective complaint.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("The court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.").

employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  Under that standard, the court must "look for plausibility in th[e] complaint. . . . Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Id.* at 1218 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (alterations in original).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Id.* at 1218.

In undertaking its analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted); *see also* DUCivR 3-5 (complaint "should state . . . the basis for the plaintiff's claim or cause of action, and the demand for relief").

Even liberally construing Plaintiff's complaint, the court concludes that Plaintiff failed to provide enough well-pleaded factual allegations to support her alleged claims.  Plaintiff provides only conclusory allegations and fails to provide sufficiently detailed factual allegations that would allow the court to determine whether her claims should survive dismissal.[4]  Further, Plaintiff fails to state any actual demand for relief.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED**.  Despite the significant deficiencies in the complaint, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay*, 500 F.3d at 1217 (quotations and citation omitted).  Out of an abundance of caution, it is recommended that Plaintiff be given leave to file an amended complaint that complies with the applicable pleading requirements within twenty-one (21) days of service of this order.  Failure to do so will result in a recommendation that this case be dismissed.

---

[4] While not necessary to reach the court's decision, it also appears from the face of the complaint that some or all of Plaintiff's alleged claims may be barred by the doctrine of res judicata.  For example, Plaintiff alleges on page 6 of the complaint that a case apparently seeking recovery of the property sought here was previously heard in Utah state small claims court.  "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."  *Allen v. McCurry*, 449 U.S. 90, 96 (1980).  Utah courts have given claim preclusive effect to small claims court judgments.  *Allen v. Moyer*, 2011 UT 44, ¶ 17, 259 P.3d 1049, 1053 ("hold[ing] that claim preclusion applies to small claims judgments" and "instruct[ing] the Supreme Court Advisory Committee on the Utah Rules of Civil Procedure . . . to provide small claims litigants with express notice that claim preclusion applies to small claims judgments") (overruled in part on other grounds).

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 26th day of February, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge